ZHEN XIANG WENG, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 06–2669–ag.

United States Court of Appeals, Second Circuit.

April 25, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Zhen Xiang Weng, New York, NY, pro se.

Peter D. Keisler, Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, Scott Rempell, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhen Xiang Weng, a native and citizen of the People's Republic of China, seeks review of the May 17, 2006 order of the BIA affirming the January 11, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Xiang Weng*, No. A77 317 115 (B.I.A. May 17, 2006), *aff'g* No. A77 317 115 (Immig. Ct. N.Y. City Jan. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, although Weng is challenging the denial of relief in "asylum only" proceedings—as opposed to an actual removal order—we nonetheless have jurisdiction under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS*, 448 F.3d 129, 134 (2d Cir.2006).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006) (internal quotation marks omitted). When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

We find that the agency's adverse credibility determination was supported by substantial evidence. The agency permissibly based its adverse credibility determination on the following: (1) petitioner's lack of familiarity as to where his sister attended church services in China, even though he testified to having lived with her, and even though her own affidavit stated that she attended underground church services in China and that she and Weng were both "greatly influenced by [their uncle]"; (2) petitioner's testimony that he "organized an underground church" (an allegation that was not included in his original or amended asylum application); and (3) Weng's demeanor. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc). Because substantial evidence supports the agency's adverse credibility determination, its denial of Weng's asylum claim was not improper.[2]

2. Because we can "confidently predict" that the agency would reach the same conclusion

Moreover, because the only evidence of a threat to Weng's life or freedom depended upon his credibility, the adverse credibility determination necessarily precluded success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

Because Weng failed to meaningfully challenge the agency's denial of his CAT claim before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Weng has similarly waived his illegal departure from China as a basis for relief. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.